UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
In re:                                                        :    Chapter 7
                                                              :
AMPAL-AMERICAN ISRAEL                                         :    Case No. 12-13689 (SMB)
CORPORATION,                                                  :
                                                              :
              Debtor.                                         :
------------------------------------------------------------- x
MERHAV AMPAL GROUP, LTD. f/k/a                                :
MERHAV-AMPAL ENERGY, LTD.,                                    :    Adv. No. 14-02385 (SMB)
                                                              :
              Plaintiff,                                      :
                                                              :
       v.                                                     :
                                                              :
MERHAV (M.N.F) LIMITED and                                    :
YOSEF A. MAIMAN,                                              :
                                                              :
              Defendants.                                     :
------------------------------------------------------------- x

## **COMPLAINT**

Plaintiff Merhav Ampal Group, Ltd. f/k/a Merhav-Ampal Energy, Ltd. ("Plaintiff" or "MAG"), a wholly owned subsidiary of Chapter 7 debtor Ampal-American Israel Corporation ("Ampal" or "Debtor"), by and through its undersigned counsel, as and for its complaint ("Complaint") against defendants Merhav (M.N.F.) Limited ("MNF") and Yosef A. Maiman ("Maiman") (collectively, "Defendants"), alleges as follows:

### **Nature of this Action**

This is an action based upon instruments for the payment of money, namely an Amended and Restated Promissory Note dated December 25, 2008 and a Guaranty dated December 25, 2008.

**Jurisdiction and Venue**

1.  This action was originally filed in the Supreme Court of the State of New York, County of New York. On September 24, 2014, Defendants filed a Notice of Removal, removing this case to the United States District Court for the Southern District of New York. On or about October 17, 2014, the district court referred this case to this Court.

2.  This Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

3.  Pursuant to Local Rule 9027-1, defendants have consented to the entry of final orders or judgments by this Court in this case, regardless of whether it is a core or non-core proceeding. (¶ 4, Defendants' Notice of Removal.)

4.  Plaintiff MAG hereby consents to the entry of final orders or judgments by this Court in this case, regardless of whether it is a core or non-core proceeding.

5.  Venue of this action is proper in this District pursuant to 28 U.S.C. § 1409(a).

**Parties**

6.  MAG is a corporation organized under the laws of Israel and is a wholly owned subsidiary of Ampal Energy, LTD, which is a wholly owned subsidiary of Ampal. Ampal is a corporation organized under the laws of the State of New York and is currently the Debtor in a case in this Court being administered pursuant to Chapter 7 of the United States Bankruptcy Code.

7.  Defendant Merhav (M.N.F.) Limited ("MNF") is a corporation organized under the laws of Israel.

8.  Defendant Yosef A. Maiman ("Maiman") is a resident of Israel. At all relevant times, Maiman was the owner, either directly or indirectly, of MNF and directed the business

operations of MNF. Maiman was also Chairman of Ampal's board of directors and its Chief Executive Officer.

### The Subject Loan and Guaranty

9. Pursuant to the terms of a promissory note dated December 25, 2007 (the "2007 Note"), Ampal loaned $20,000,000 to MNF. The 2007 Note provided that the loan was to be repaid with interest "on the earlier of (i) December 25, 2008 and (ii) the Financing Date [which is a defined term]." The loan proceeds were to be used by MNF to develop an ethanol plant in Colombia (the "Colombia Ethanol Project"). The 2007 Note also included a provision that provided that the $20,000,000 debt could be converted by Ampal to an equity interest in the Colombia Ethanol Project. A true and accurate copy of the 2007 Note is attached to this Complaint as Exhibit A.

10. Contemporaneously with the execution of the 2007 Note, Ampal and MNF entered into an Option Agreement (the "Option Agreement"), pursuant to which MNF granted Ampal the option to purchase up to thirty-five percent (35%) of the Colombia Ethanol Project, using the loan balance on the 2007 Note as purchase consideration. A true and accurate copy of the Option Agreement is attached to this Complaint as Exhibit B.

11. In addition, MNF and Ampal entered into a Pledge Agreement dated December 25, 2007 (the "Pledge Agreement"), pursuant to which MNF pledged certain Ampal shares owned by MNF as security for the payment of the 2007 Note. A true and accurate copy of the Pledge Agreement is attached to this Complaint as Exhibit C.

12. MNF did not repay to Ampal the amounts due under the 2007 Note by December 25, 2008. Instead, Ampal and MNF entered into the subject Amended and Restated Promissory Note dated December 25, 2008 (the "2008 Note"). A true and accurate copy of the 2008 Note is

attached to this Complaint as Exhibit D.  Among other things, the original interest rate was increased from the 2007 Note and the repayment date was extended to "the earlier of (i) December 31, 2009 and (ii) the Financing Date [which is a defined term]."  The 2008 Note is one of the instruments for the payment of money upon which this action is based.

13. The 2008 Note was secured by the Pledge Agreement.

14. As additional security for the loan, Maiman guaranteed the payment of the 2008 Note by executing the Guaranty dated December 25, 2008 (the "Guaranty"), a copy of which is attached hereto as Exhibit E.  The Guaranty is one of the instruments for the payment of money upon which this action is based.

### The Option Exercise

15. In connection with the execution of the 2008 Note and the Guaranty, the Option Agreement was amended.  A true and accurate copy of the letter agreement dated December 25, 2008 between MNF and Ampal reflecting these amendments is attached to this Complaint as Exhibit F.

16. Ampal and MNF entered into an Option Exercise Agreement dated as of December 31, 2009 (the "Exercise Agreement").  A true and accurate copy of the Exercise Agreement is attached to this Complaint as Exhibit G.  In sum, pursuant to the terms of the Exercise Agreement, Ampal agreed to purchase and MNF agreed to sell a twenty-five percent (25%) interest in the company formed by MNF to develop the Colombia Ethanol Project.  The purchase and sale transaction was subject to certain conditions including, but not limited to, obtaining "long term debt financing [for the Colombia Ethanol Project] from Banco Do Brazil or any other unaffiliated Third Party in an amount not less than $185 Million and the first disbursement under the financing facility has been provided or other proof of such financing

4

commitment has been presented to Ampal to its full satisfaction." (Section 2.3(b)(i) of the Exercise Agreement and Definition of Qualified Financing Date.)

17. The effect of the execution of the Exercise Agreement was to extend the payment due date under the 2008 Note to December 31, 2010 if the closing of the purchase and sale transaction did not occur by that date. (Section 4.3 of the Exercise Agreement.)

**Assignment to MAG and Further Extensions**

18. Pursuant to the terms of an Assignment & Assumption Agreement dated December 31, 2010 (the "Assignment"), Ampal assigned to MAG all of its rights and obligations under the 2008 Note, the Option Agreement, the Exercise Agreement, the Pledge Agreement and the Guaranty. A true and accurate copy of the Assignment is attached hereto as Exhibit H.

19. At or about the time of the Assignment, the Termination Date of the Exercise Agreement was extended until December 31, 2011, and the payment date under the 2008 Note was extended "to the earlier of (i) December 31, 2011 and (ii) the Qualified Financing Date [which was defined in the Exercise Agreement and as set forth in Paragraph 17, above]." A true and accurate copy of the letter agreement dated December 31, 2010 between MNF and Ampal reflecting these amendments is attached to this Complaint as Exhibit I.

20. By early December 2011, the transaction contemplated by the Exercise Agreement had not closed, and the 2008 Note had not been paid. As a result, the Termination Date of the Exercise Agreement was extended until December 2012, and the payment date under the 2008 Note was extended "to the earlier of (i) December 31, 2012 and (ii) the Qualified Financing Date [which was defined in the Exercise Agreement and as set forth in Paragraph 17, above]." A true and accurate copy of the letter agreement dated December 8, 2011 between MNF and MAG reflecting these amendments is attached to this Complaint as Exhibit J.

5

21. There were no further extensions of the Exercise Agreement or the 2008 Note.

**Amounts Due Under The 2008 Note and Guaranty Have Not Been Paid**

22. The transaction contemplated by the Exercise Agreement did not close by December 31, 2012.

23. In accordance with its terms, as amended, the 2008 Note was due to be paid on December 31, 2012.

24. MNF has not paid MAG the amounts due under the 2008 Note.

25. Because MNF has not paid MAG the amount owed, Maiman is obligated to make payment to MAG for amounts due under the 2008 Note.

26. A written demand for payment of amounts due under the 2008 Note was delivered to MNF no later than July 14, 2014. A true and accurate copy of the written demand dated July 14, 2014 from MAG to MNF is attached to this Complaint as Exhibit K.

27. A written demand for payment of amounts due under the 2008 Note was delivered to Maiman, as guarantor, no later than July 14, 2014. A true and accurate copy of the written demand dated July 14, 2014 from MAG to Maiman is attached to this Complaint as Exhibit L.

28. As of the filing of this action, neither MNF nor Maiman have made any payment to MAG in satisfaction of their respective obligations under the 2008 Note and Guaranty.

**First Claim for Relief Against MNF for Breach of the 2008 Promissory Note**

29. The allegations of Paragraphs 1 through 28 are incorporated into this First Claim for Relief as if fully set forth herein.

30. At the time of the execution of the 2008 Note on December 25, 2008, the principal outstanding balance owed was $20,000,000, plus $988,576.00 in interest accrued in accordance with the 2007 Note. MNF confirmed these amounts and agreed that interest would

6

23571248v1

continue to accrue on the outstanding principal amount at a per annum rate equal to LIBOR plus 3.25%. As of August 13, 2014 (i.e., 30 days from delivery of the written demand), the interest accrued on the 2008 Note since December 25, 2008 totals $4,629,789.00.

31. The 2008 Note further provides that "upon and following an Event of Default and/or after any stated or any accelerated maturity of the indebtedness evidenced hereby, the aggregate outstanding principal balance of the loan shall bear interest (compounded daily at a rate equal to 5% per annum in excess of the rate applicable to such Loan, payable on demand." In relevant part, Event of Default is defined as "(a) default in making any payment of principal, interest, or any other sum payable under this Note when due and such failure shall continue un remedied for a period of 30 days after Borrower receives notice from Lender . . ." (2008 Note, Section 5(a).) Hence, additional interest has accrued on the 2008 Note since no later than August 13, 2014. As of the filing of this action, this additional interest continues to accrue under the 2008 Note from August 13, 2014 at this "default rate."

32. The 2008 Note also provides that "Borrower agrees to pay on demand all of Lender's costs and expenses, including reasonable counsel fees, in connection with the collection of any sums due to Lender in connection with the enforcement of its rights thereunder [sic]." (2008 Note, Section 9(a).) Demand is hereby made for MAG's costs and expenses, including reasonable attorneys fees, incurred in enforcing its rights under the 2008 Note.

33. MAG is entitled to recover from Defendant MNF all amounts due under the 2008 Note.

### Second Claim for Relief Against Maiman for Breach of the Guaranty

34. The allegations of Paragraphs 1 through 33 are incorporated into this Second Claim for Relief as if fully set forth herein.

7

35. Pursuant to the Guaranty, Maiman irrevocably and unconditionally guaranteed payment of all sums due under the 2008 Note immediately upon demand by MAG. Moreover, Maiman waived any right he might have to require MAG to pursue collection of the amounts due from MNF before seeking payment from him.

36. Maiman also agreed to pay all costs and expenses, including court costs and reasonable attorneys' fees, incurred by MAG in enforcing its rights under the Guaranty.

37. MAG is entitled to recover from Maiman all amounts due under the 2008 Note and the Guaranty.

WHEREFORE, MAG respectfully requests that judgment be entered in its favor against MNF as follows:

- A. awarding damages in the amount of $25,618,365.00, which includes $20,000,000.00 in principal, plus $988,576.00 in interest accrued on the 2007 Note, plus $4,629,789.00 in interest accrued on the 2008 Note through August 13, 2014; plus

- B. interest for the period beginning August 14, 2014 until judgment is entered calculated at the default rate provided for in the 2008 Note (i.e., LIBOR plus 8.25% ); plus,

- C. post-judgment interest in an amount to be determined by the Court; plus,

- D. reasonable attorneys fees and expenses in an amount to be determined by the Court; plus,

- E. the costs and disbursements of this action; and,

- F. such other and further relief as this Court deems just and proper.

AND, MAG respectfully requests that judgment be entered in its favor against Maiman as follows:

A. awarding damages in the amount of $25,618,365.00, which includes $20,000,000.00 in principal, plus $988,576.00 in interest accrued on the 2007 Note, plus $4,629,789.00 in interest accrued on the 2008 Note through August 13, 2014; plus,

B. interest for the period beginning August 14, 2014 until judgment is entered calculated at the default rate provided for in the 2008 Note (i.e., LIBOR plus 8.25% ); plus,

C. post-judgment interest in an amount to be determined by the Court; plus,

D. reasonable attorneys fees and expenses in an amount to be determined by the Court; plus,

E. the costs and disbursements of this action; and,

F. such other and further relief as this Court deems just and proper.

Dated: New York, New York
October 23, 2014

>TROUTMAN SANDERS LLP
>
>By:   *s/John P. Campo*
>          John P. Campo
>          J. David Dantzler, Jr.
>          The Chrysler Building
>          405 Lexington Avenue
>          New York, New York  10174
>          (212) 704-6000
>
>*Counsel to Merhav Ampal Group, Ltd. f/k/a Merhav-Ampal Energy, Ltd.*

23571248v1

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of October, 2014, I caused a true and complete copy of the foregoing Complaint to be served by electronic mail upon the following counsel for Defendants:

Paul Nii-Amar Amamoo [namamoo@kasowitz.com]
Daniel A. Fliman [dfliman@kasowitz.com]
David M. Friedman [DFriedman@kasowitz.com]

Kasowitz, Benson, Torres &Friedman, LLP
1633 Broadway
New York, NY 10019
*Counsel for Defendants*
*Merhav (M.N.F.) Limited and Yosef A. Maiman*

Dated: New York, New York
October 23, 2014

By:   *s/John P. Campo*
John P. Campo
Troutman Sanders LLP
The Chrysler Building
405 Lexington Avenue
New York, New York  10174
Tel. No. (212) 704-6000

*Counsel to Merhav Ampal Group, Ltd. f/k/a Merhav-Ampal Energy, Ltd.*

23571248v1