UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | : | |
| | x | |
| | : | Chapter 7 |
| AMPAL-AMERICAN ISRAEL CORPORATION, | : | |
| | : | Case No. 12-13689 (SMB) |
| Debtor. | : | |
| | x | |
| | : | |
| MERHAV AMPAL GROUP, LTD. f/k/a MERHAV-AMPAL ENERGY, LTD., | : | Adv. No. 14-02385 (SMB) |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| MERHAV (M.N.F.) LIMITED and YOSEF A. MAIMAN, | : | |
| | : | |
| Defendants. | : | |
| | x | |

## ORDER OF PERMANENT INJUNCTION

Upon the (i) Motion (the "Motion")[1] by plaintiff Merhav-Ampal Group, Ltd. f/k/a Merhav-Ampal Energy, Ltd. (the "Plaintiff") for a Turnover or, In the Alternative, an Injunction with supporting declarations [**D.E. No. 54**]; (ii) the Supplemental Motion ("Supplemental Motion") with supporting declarations [**D.E. No. 70**]; (iii) the defendants Merhav (M.N.F.) Limited ("Judgment Debtor Merhav") and Yosef A. Maiman ("Judgment Debtor Maiman," and together with Judgment Debtor Merhav, "Judgment Debtors") Opposition ("Opposition") to the Motion and supporting declaration [**D.E. 56 and 57**]; (iv) the Plaintiff's Reply to the Opposition [**D.E. No. 63**] and the Consent Order Granting Interim Relief (the "Consent Order") [**D.E. No. 68**] (collectively the "Pleadings"), for an order pursuant to Rule 69(a)(1) of the Federal Rule of Civil Procedure ("FRCP"), made applicable to this adversary proceeding by Rule 7069 of the Federal Rule of Bankruptcy Procedure ("FRBP"), and Section 5225(a) of the New York Civil

Practice Law and Rules ("CPLR"), alternatively, 11 USC § 105(a), FRCP 7 and FRCP 69, made applicable to this adversary proceeding by FRBP 7007 and FRBP 7069, respectively, and CPLR § 5222, additionally, pursuant to FRCP 65, made applicable to this adversary proceeding by FRBP 7065, and FRCP 37, made applicable to this adversary proceeding by FRBP 7037 compelling the Judgment Debtors to, *inter alia*, turn over their ownership interests in Eastern Mediterranean Gas Company, S.A.E. ("EMG") and Vision Investment Equities, Inc. ("VIE") to the Court or a Court-appointed custodian; and to permanently enjoin Judgment Debtors from making or suffering any sale, assignment, transfer or interference with their separate or collective ownership interests in any and all of their assets, including EMG and VIE; and the Plaintiff and the Judgment Debtors having previously appeared before the Court in connection with the Motion on July 14, 2016 and December 13, 2016 at which hearings the parties set forth upon the record agreements with respect to certain temporary and permanent injunctions which were memorialized in the Consent Order; and the Court having heard argument of counsel on January 26, 2017, and the Court having reviewed the Pleadings and the relief requested therein; and the Court having jurisdiction to consider the Motion and the Supplemental Motion and to grant the requested relief; and it appearing that venue of this case is proper; and it appearing that this is a core proceeding pursuant to Section 157(b) of the United States Code; and notice of the Motion and Supplemental Motion having been provided to all interested parties and that no further notice need be given; it is hereby

    **ORDERED AND ADJUDGED THAT:**

    1.    The Judgment Debtors are **PERMANENTLY ENJOINED** from directly or indirectly:

a. Making or suffering any sale, assignment, transfer, hypothecation, pledge or interference with their separate or collective direct or indirect ownership interests in EMG, or its predecessors, successors, parents, subsidiaries, affiliates, and divisions, and any rights or claims derivative of such ownership interests in EMG, including claims in the EMG Arbitrations, until the Judgment is satisfied in full; and

b. Making or suffering any sale, assignment, transfer, hypothecation, pledge or interference with their separate or collective ownership interests in VIE and its predecessors, successors, parents, subsidiaries, affiliates, and divisions until the Judgment is satisfied in full; and

c. Making or suffering any sale, assignment, transfer, hypothecation, pledge or interference with the 3,340 square foot luxury condominium located on Williams Island at 2600 Island Boulevard, Unit 2705, Aventura, Florida (the "Florida Property") until the Judgment is satisfied in full; provided however that the Florida Property may be sold provided the net proceeds are held in escrow by Alex Spizz, as chapter 7 trustee of Ampal-American Israel Corporation subject to further order of this Court or the parties' mutual consent; and

d. Making or suffering any sale, assignment, transfer, hypothecation, pledge or interference with any and all other property of the

Judgment Debtors and any and all property in which the Judgment Debtors are known to have, or believed to have, an interest then in, and any and all property thereafter coming into, the possession or custody of the Judgment Debtors until the Judgment is satisfied in full.

2. Nothing contained in this Order shall be deemed to modify, amend or supersede the permanent injunction set forth in Paragraph 2 of the Consent Order, which shall remain in full force and effect.

3. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

Dated: New York, New York
　　　　February 2, 2017

/s/ Stuart M. Bernstein
STUART M. BERNSTEIN
UNITED STATES BANKRUPTCY JUDGE