**Hearing Date: October 3, 2017 at 10:00 a.m. (EST)**
**Objection Deadline: September 26, 2017 at 4:00 p.m. (EST)**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| *In re:* <br><br> AMPAL-AMERICAN ISRAEL CORPORATION, <br><br>                          Debtor. | Chapter 7 <br><br> Case No. 12-13689 (SMB) |
| MERHAV AMPAL GROUP, LTD. f/k/a/ MERHAV-AMPAL ENERGY, LTD., <br><br>                          Plaintiff, <br><br>            -against- <br><br> MERHAV (M.N.F.) LIMITED and YOSEF A. MAIMAN, <br><br>                          Defendants. | Adversary Proceeding <br> No. 14-02385 (SMB) |
| ALEX SPIZZ, as Chapter 7 Trustee of AMPAL-AMERICAN ISRAEL CORPORATION, <br><br>                          Plaintiff, <br><br>            - against - <br><br> MERHAV (M.N.F.) LIMITED and YOSEF A. MAIMAN, <br><br>                          Defendants. | Adversary Proceeding <br> No. 15-01122 (SMB) |

**MOTION TO PERMIT KASOWITZ BENSON TORRES LLP TO WITHDRAW AS COUNSEL OF RECORD FOR MERHAV (M.N.F.) LIMITED AND YOSEF A. MAIMAN**

TO THE HONORABLE STUART M. BERNSTEIN,
UNITED STATES BANKRUPTCY JUDGE:

      Kasowitz Benson Torres LLP ("Firm") respectfully submits this motion (the "Motion")

to permit the Firm to withdraw as counsel of record for Merhav (M.N.F.) Limited ("Merhav") and Yosef A. Maiman ("Mr. Maiman").  The Firm currently represents Merhav and Mr. Maiman in (i) the chapter 7 bankruptcy proceeding, Case No. 12-13689 (SMB) (the "Bankruptcy Case") of Ampal-American Israel Corporation (the "Debtor"); (ii) Adversary Proceeding No. 14-02385 (Bankr. S.D.N.Y.) (SMB) (the "Promissory Note Adversary Proceeding"); and (iii) Adversary Proceeding No. 15-01122 (SMB) (the "Avoidance Adversary").[1]

## RELEVANT FACTS AND BACKGROUND

### A. The Debtor's Bankruptcy Proceeding

1. On August 29, 2012, the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2. On May 2, 2013, the Court converted the Debtor's case to chapter 7.  On June 27, 2013, the Court authorized the appointment of Alex Spizz as chapter 7 trustee (the "Trustee") [Docket No. 298].

### B. The Promissory Note Adversary Proceeding

3. On September 3, 2014, the Debtor's non-debtor subsidiary, Merhav Ampal Group, Ltd. ("MAG") initially commenced suit against Mr. Maiman and Merhav, seeking repayment of a promissory note issued by Merhav and guaranteed by Mr. Maiman.

4. On September 2, 2015, this Court granted summary judgment in favor of MAG [Adv. Proc. Docket No. 38], and on September 21, 2015 entered judgment for damages in the amount of $28,085,157, plus interest at applicable rates [Adv. Proc. Docket No. 40].  The United States District Court for the Southern District of New York (the "District Court") affirmed this

---

[1] Submitted herewith in support of the motion is the declaration of Daniel A. Fliman, dated September 19, 2017 ("Fliman Decl.").

Court's decision on February 28, 2016, and the United States Court of Appeals for the Second Circuit (the "Second Circuit") affirmed on February 9, 2017.

5. Thereafter, the parties litigated over the scope of post-judgment discovery and on June 23 and August 15, 2017, the Court entered orders compelling production of documents [Adv. Proc. Docket Nos. 98, 115] (the "Discovery Orders").

6. On September 15, 2017, MAG filed a motion seeking contempt and sanctions against Merhav and Mr. Maiman, as well as their Israeli counsel and the Firm, in connection with the Discovery Orders [Adv. Proc. Docket No. 117] (the "Contempt Motion"). The Firm will separately respond to the Contempt Motion, on its own behalf, on or before the September 26, 2017 objection deadline.

C. **The Avoidance Adversary Proceeding**

7. The Firm represents Merhav and Mr. Maiman in the Avoidance Adversary Proceeding, which the Trustee commenced on July 1, 2015, seeking avoidance and recovery of alleged preferential and fraudulent transfers and disallowance of Merhav and Mr. Maiman's claims under Bankruptcy Code section 502(d) [Adv. Proc. Docket No. 1].

**ARGUMENT**

8. The Firm seeks permission to withdraw as counsel of record for Mr. Maiman and Merhav, in all relevant matters, consistent with the bases for terminating representations set forth in Rule 1.16(c) of the New York Rules of Professional Conduct.

9. Notably, Mr. Maiman and Merhav have consented to the Firm's withdrawal, Fliman Decl. ¶¶ 3-4, and on that basis alone, the Firm should be permitted to withdraw immediately. *See, e.g.*, *In re Worldcom, Inc. Sec. Litig.*, 02-CV-3288 (DLC), 2006 WL 538818,

3

at *1 (S.D.N.Y. Mar. 6, 2006) (granting withdrawal upon consent of client); *Garcia v. Forbes Magazine*, 83-CV-3814 (CSH), 1985 WL 1429, at *1 (S.D.N.Y. May 29, 1985) (same).

10. Withdrawal at this stage of the litigation would not cause any material adverse effect on the interests of Merhav or Mr. Maiman. <u>First</u>, the Bankruptcy Case is relatively inactive at this time, pending resolution of certain matters in arbitrations abroad. Mr. Maiman and Merhav filed their proofs of claim against the Debtor years ago, and the Trustee has not yet begun the claims reconciliation process. <u>Second</u>, the Court entered a judgment in the Promissory Note Adversary Proceeding over two years ago, which was affirmed by both the District Court and Second Circuit. All that remains in the action is post-judgment discovery; however, as disclosed in prior filings, the Firm is not and has not been involved in any document review in connection with such discovery. <u>Third</u>, there has been no activity in the Avoidance Adversary Proceeding since Merhav and Mr. Maiman answered over two years ago, besides entry of the parties' seven consensual extensions to their scheduling order, most recently on June 20, 2017 [Adv. Proc. Docket No. 18], and the Firm expects that the parties will agree to amend the scheduling order for an eighth time in short order.

11. As such, the Firm's withdrawal is consistent with Rule 1.16(c)(1) of the New York Rules of Professional Conduct ("withdrawal can be accomplished without material adverse effect on the interests of the client").[2] (Fliman Decl. ¶ 5.)

## **CONCLUSION**

For the foregoing reasons, the Firm respectfully requests that the Court grant the motion to permit the Firm to withdraw as Merhav and Mr. Maiman's counsel of record.

---

[2] While that basis, alone, is sufficient to allow the Firm's withdrawal, the Firm is prepared to show, if required by the Court, that other bases for withdrawal exist under certain other sub-clauses of Rule 1.16(c). (Fliman Decl. ¶ 5.)

Dated: September 19, 2017
   New York, New York

             KASOWITZ BENSON TORRES LLP

             By: /s/ Daniel A. Fliman
              Daniel A. Fliman
             (dfliman@kasowitz.com)
             Joshua A. Siegel
             (jsiegel@kasowitz.com)
             Michele L. Angell
             (mangell@kasowitz.com)
             1633 Broadway
             New York, New York 10019
             Telephone: (212) 506-1700

             *Counsel for Merhav (M.N.F.) Limited*
             *and Yosef A. Maiman*