UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re:*<br><br>AMPAL-AMERICAN ISRAEL CORPORATION,<br><br>                     Debtor. | Chapter 7<br><br>Case No. 12-13689 (SMB) |
| MERHAV AMPAL GROUP, LTD. f/k/a/<br>MERHAV-AMPAL ENERGY, LTD.,<br><br>                     Plaintiff,<br><br>-against-<br><br>MERHAV (M.N.F.) LIMITED and<br>YOSEF A. MAIMAN,<br><br>                     Defendants. | Adversary Proceeding<br>No. 14-02385 (SMB) |

**SUPPLEMENTAL DECLARATION OF DANIEL A. FLIMAN IN SUPPORT OF
MOTION TO PERMIT KASOWITZ BENSON TORRES LLP TO WITHDRAW AS
COUNSEL OF RECORD FOR MERHAV (M.N.F.) LIMITED AND YOSEF A. MAIMAN**

      Daniel A. Fliman, an attorney duly admitted to the practice of law, declares under the penalty of perjury, that the following is true to the best of my knowledge:

      1.    I am a member of the law firm of Kasowitz Benson Torres LLP (the "Firm"), counsel for Merhav (M.N.F.) Limited ("Merhav") and Yosef A. Maiman ("Mr. Maiman," and together with Merhav, the "Clients") in Adversary Proceeding No. 14-02385 (Bankr. S.D.N.Y.) (SMB) (the "Adversary Proceeding").

      2.    On September 19, 2017, the Firm filed its *Motion to Permit Kasowitz Benson Torres LLP to Withdraw as Counsel of Record for Merhav (M.N.F.) Limited and Yosef A. Maiman* (the "Motion"), along with my initial declaration in support thereof (the "First

Declaration," cited as "First Decl.") [Docket No. 121]. On September 26, 2017, the plaintiff in the Adversary Proceeding, Merhav Ampal Group, Ltd. f/k/a/ Merhav-Ampal Energy, Ltd. ("MAG"), and the Chapter 7 Trustee (the "Trustee") in the above-captioned bankruptcy case (the "Bankruptcy Case") of Ampal-American Israel Corporation (the "Debtor"), objected to the Motion [Docket No. 125] (the "Objection").

3. On October 3, 2017, the Court held a hearing on the Motion (the "October 3 Hearing"), and requested further disclosure concerning the Clients' server(s). The Court contemplated at the October 3 Hearing that MAG's and the Trustee's counsel could consent to the Motion if MAG was provided with that information.

4. On October 11, 2017, the Court entered an Order partially granting the Motion [Docket No. 141] (the "Order"). The Order authorized the Firm to withdraw from the Bankruptcy Case and another adversary proceeding, and adjourned consideration of the Firm's request to withdraw from this Adversary Proceeding pending further proceedings. (Order, ¶¶ 2-4.) The Order also directed the Clients to provide server-related information to MAG. (*Id.* ¶ 4.)

5. The Order further provided that, with respect to the Firm's withdrawal from the Adversary Proceeding: "the Firm is authorized to file a supplemental public declaration and privilege log in further support . . . and to redact information therein that is protected by the attorney-client privilege and to submit a supplemental confidential declaration and un-redacted documents solely to the Court for *ex parte, in camera* review." (Order, ¶ 3.)[1]

6. The Motion and the First Declaration state that the Firm's withdrawal as counsel

---

[1] The Firm respectfully submits that it would be highly prejudicial to the Clients to disclose, publically file, and/or permit MAG, the Trustee, and their counsel access to the actual attorney-client written communications which substantiate my attestations herein. To the extent the Court requires and directs provision of these privileged communications, the Firm will comply with any such order, submit those privileged communications for *ex parte, in camera* review and file a privilege log.

2

is consistent with Rule 1.16(c)(1) and (10) of the New York Rules of Professional Conduct (the "Rules," cited herein as "DR") in that withdrawal can be accomplished without material adverse effect on the interests of the Clients, who have consented to the Firm's withdrawal. (Motion ¶¶ 9-11; First Decl. ¶¶ 3-5.); *see* DR 1.16(c)(1), (10).

7. The Motion and First Declaration further state that the Firm was prepared to show, if required by the Court, that other bases for withdrawal exist under certain other sub-clauses of Rule 1.16(c). (Motion at n.2; First Decl. ¶ 5.)

8. I file this Supplemental Declaration to do so, and consistent with the procedures set forth in the Order, in further support of the Motion. As set forth in the Order, the Firm is filing this Supplemental Declaration on the public docket, and serving it upon counsel for the Trustee and MAG, in redacted form due to the attorney-client privilege. The Firm will submit the un-redacted version to the Court's Chambers only, for *ex parte, in camera* review. (*See* Order ¶ 3.)

9. In addition to Rule 1.16(c)(1) and (10), good cause exists for the Firm to withdraw from representing the Clients in the Adversary Proceeding under, at least: ███
███
███
███
███
███
███
███

10. ███

3

███████████████████████████████████████████████
█████████████████████████

11.     On June 7, 2017, MAG filed a motion to compel concerning discovery requests (the "Discovery Requests") served on the Clients [Docket Nos. 75-77] (the "Motion to Compel").

12.     ███████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████[2]████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████

13.     At a hearing held on June 15, 2017 (the "June 15 Hearing"), the Court denied appointment of a third-party consultant and ordered Clients to turnover all information in their possession directly to MAG. That ruling was later reflected in an Order dated June 23, 2017 [Docket No. 98] (the "June Order").

14.     ███████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

───────────────────────────────
[2] ███████████████████████████████████████████

4



15. At a hearing held on July 27, 2017 (the "<u>July 27 Conference</u>"), the Court held that the review conducted by Mr. Saylan was insufficient and ordered that all information in Clients' possession be provided to MAG's consultant.

16. [3]

17. 

18. On or about September 7, 2017, unbeknownst to the Firm, the Clients filed an action in Israel seeking, *inter alia*, injunctive relief in connection with this Court's June Order and August Order (the "<u>Israeli Action</u>").

---

[3] 

19. The Firm first learned that the Israeli Action had been filed on or about September 15, 2017, when MAG's counsel informed the Firm of that fact, and shared a copy of a Hebrew document that, based upon English translation, seemed essentially similar to a complaint. Hours later, MAG sought contempt and sanctions in connection with the filing of the Israeli Action against, *inter alia*, the Firm [Docket No. 117] (which request MAG withdrew as against the Firm) [Docket No. 140].

20. [REDACTED]

21. [REDACTED]

22. [REDACTED]

23. [REDACTED]

24. ████████████

25. ████████████

26. ████████████

27. ████████████

███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
██████████████████████

28.    As noted above, on September 15, 2017, the Firm first learned that the Israeli Action had been filed, when MAG's counsel informed the Firm of that fact and shared a copy of a Hebrew document. ████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
█████

29.    ████████████████████████████████████████████████
████████████████████████████

**Conclusion**

30.    While the foregoing constitutes additional bases for the Firm's withdrawal from the Adversary Proceeding under Rule 1.16(c), it cannot be overstated that the Clients have knowingly and freely consented to the Firm's withdrawal, and have retained new counsel who has been actively advocating in the Adversary Proceeding since on or around October 1, 2017. Yet, MAG and the Trustee inexplicably refuse to withdraw their Objection. Their position is particularly egregious in light of the Firm's full disclosure and cooperation concerning the issues raised at the October 3 Hearing, specifically in regards to the server(s).

31.    Notably, the Firm has no independent knowledge concerning the Clients' server(s) or email cloud account(s) that we have not provided. The Firm is not in communication with the Clients, and has not been since approximately the end of September or beginning of October 2017.

8

32.     For all of the foregoing reasons the Motion should be granted.

Executed on the 13th day of November, 2017.

/s/ Daniel A. Fliman<br>
Daniel A. Fliman